JUDGE SCHOFIELD

Leonard Zack (LZ8144)
LEONARD ZACK & ASSOCIATES
405 Park Avenue, 10th Floor
New York, NY 10022
(212) 754-4050 tel.
Counsel for Plaintiff DAVID HU

# 13 CV 4251

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DAVID HU,

                Plaintiff,

    -against –

UGL SERVICES UNICCO OPERATIONS CO.,

                Defendant.

-------------------------------------------------------------x

Civil Action #:

RECEIVED
JUN 1 9 2013
U.S.D.C. S.D.N.Y.
CASHIERS

**VERIFIED COMPLAINT**

      Plaintiff DAVID HU (hereinafter "Hu" or alternatively "Plaintiff") by and through his undersigned counsel, Leonard Zack & Associates files this Complaint against Defendant UGL SERVICES UNICCO OPERATIONS CO. (hereinafter "UGL Services" or alternatively "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for damages and other relief brought pursuant to the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et seq., the New York State Executive Law §296 and §297 and the New York UGL Services Administrative Code §8-107 in which plaintiff engaged in employment discrimination against him based upon disability.

1

2.     Plaintiff seeks appropriate monetary relief as well as appropriate equitable and other relief to redress the wrongdoings complained of herein.

## STATEMENT PURSUANT TO LOCAL RULE 9

3.     For the purpose of complying with Local Rule 9, plaintiff states that he has no corporate parent, subsidiary or affiliate and that there are no other interested parties.

## JURISDICTION AND VENUE

4.     Defendant, UGL SERVICES UNICCO OPERATIONS CO., hereinafter referred to as "UGL Services" is a foreign buinessc corporation within the State of Massachusetts, with its principle place of business located at 275 Grove Street, Suite 3-200, Auburndale, MA 02466 and is an entity amenable to suit in its own name herein.

5.     Defendant, UGL Services is licensed to do business in the State of New York and has CT Corporation System as its registered agent.

6.     Venue is proper in the Southern District of New York pursuant to 42 U.S.C. §2000e-5(f)(3). The basis of venue is that the unlawful employment practice complained of herein, the employment records relevant to such practice are maintained and administered in, and the judicial district in which the plaintiff would have worked but for the alleged unlawful employment practice, as well as the principal office of the defendant are all located in New York County, a county within the geographic jurisdiction of the Southern District of New York.

7.     Plaintiff timely pursued all applicable administrative remedies. On or about December 4, 2012, plaintiff timely filed a Charge of Discrimation with the Equal

Employment Opportunity Commission (Charge No. 520-2013-00860) against the Defendant herein.

8.     Plaintiff received a right to sue letter dated March 21, 2013.  This action is commenced within the 90 day requirement of the right to sue letter and within 90 days of plaintiff's receipt of the right to sue letter. A copy of the right to sue letter is annexed hereto as Exhibit "A."

## THE PARTIES

9.     At all times mentioned herein, plaintiff DAVID HU is and was an individual citizen of the State of New York with an address of 716 E. 6th street, Apt. 2B, New York, New York 10009.

10.     At all times mentioned herein, Defendant, UGL SERVICES UNICCO OPERATIONS CO., hereinafter referred to as "UGL Services" was hired by College of Mount Saint Vincent, Located at 6301 Riverdale Avenue, Riverdale, New York 10471 to perform its facility management.

## DEMAND FOR A TRIAL BY JURY

11.     Plaintiff demands a trial by jury.

## BACKGROUND FACTS APPLICABLE TO ALL CAUSES OF ACTION

12.     Plaintiff DAVID HU was born on October 25, 1953.  He is currently 59 years of age.

13.     DAVID HU started working for UGL Services at the College of Mount Saint Vincent in or around 2006 as an HVAC engineer.  Mr. Hu had 28 years of experience in

all forms of mechanical services including maintenance and repair of air conditioning systems, ventilation systems, boilers, heating systems, plumbing systems and electrical systems.  As a result of this experience, Mr. Hu has a knowledgeable understanding of how to safely maintain HVAC and other mechanical facilities.

14.     In his position as an HVAC engineer, Mr. Hu was responsible for maintaining numerous aspects of the HVAC units within the College of Mount Saint Vincent campus including electrical aspects of the units, plumbing, pipefitting, cooling and heating, general maintenance and repair.

15.     As part of his duties as an HVAC engineer, he would also troubleshoot HVAC system malfunctions, interruptions and failures of the facilities on the College of Mount Saint Vincent campus.

16.     Beyond his duties as an HVAC engineer, Plaintiff also mopped floors and emptied trash cans.

17.     Plaintiff worked without incident using his background and skill and was considered a highly regarded employee.

18.     Plaintiff repaired and installed many HVAC units without the need of outside HVAC contractors.  Because of this expertise, he was able to save the college a significant amount of money by eliminating the need for outside contracting services.

19.     On Friday, May 5, 2012 at 8:30 a.m., Mr. Hu was told by his supervisor, Darin P. Altilio to repair a hot water heater in Marillac Hall, one of the residences on the College of Mount Saint Vincent campus.  Plaintiff repaired the hot water heater and checked to ensure it was working properly.

20.    At Mr. Altillo's request, Plaintiff then installed an air conditioning unit in Alumnae Hall.  He removed the old units and installed three new window A/C units.

21.    Mr. Altillo's then told Plaintiff to change another two A/C units in a different building on the same day.

22.    On Monday, May 28, 2012, Mr. Altillo told Mr. Hu that the hot water heater he had worked in Marillac Hall on May 5, 2012 was not working.  After some investigation, he discovered that the ignition for the heater had malfunctioned.

23.    Mr. Hu was also told that the air conditioning unit was not working in another campus building (Maryvale).  He investigated and discovered that it was because the fuses had burned out and he needed to replace them.   He was able to temporarily fix one of the fuses.  The Building Manager emailed the Vice President of the College and told him that the A/C unit was working.  It stopped working an hour after that because the temporary fuse burned out.

24.    After diagnosing the A/C and ignition problems, Plaintiff asked his supervisor for a credit card to purchase a replacement fuse for both the A/C unit and the water heater.

25.    At the same time, there were outside contractors working the air conditioning units.  Mr. Hu only purchased the replacement ignition for the malfunctioning unit.

26.    On or about June 2012, because of the continuing air conditioner unit problems in Maryvale, Plaintiff was suspended.  He was not to blame for this malfunction as it was caised by one of the outside contractors.

27.     At the end of May, 2012, Mr. Altillo asked Mr. Hu to make sure the A/C system for Grace Center/ Cardina Hayes Auditorium was working properly.  In the middle of checking the system, he was summoned to another building to uninstall an A/C unit. He then returned to Grace Center to continue inspecting the A/C system.  He was unaware that he was also supposed to install an air conditioner in the same building where he's previously uninstalled the unit.  Because he did not install the new unit, he was disciplined and received a warning letter almost daily thereafter from June 12, 2012 until his termination.

28.     On June 28, 2012, Mr. Altillo notified Plaintiff that the Mayvale A/C unit was not working again.  After replacing a broken fuse, Plaintiff discovered that the problem was a short circuit.  He was not authorized to repair it but instead was disciplined.

29.     Around this time, Mr. Hu was told that due to a policy change at the College he was no longer to repair HVAC units but rather to just diagnose them.

30.     Moreover, he was penalized for performing work which was required to be done by the outside contractors which is contradictory to what he had been doing since he was hired.

31.     On September 4, 2012, Mr. Hu was terminated.  The reasons given were his violating a work order to replace an air condition in May 2012 and violation of the policy to only permit outside contractors to perform repairs.

32.     Plaintiff Hu was an excellent and diligent employee and had not been disciplined until May 2012.

33.     He was penalized as a means of providing Defendant with "just cause" to terminate him, pursuant to the Memorandum of Agreement between his union and his employer.

34.     Plaintiff was penalized for ignoring work orders he was not aware of, technical problems that were not his fault and for following policies he did not know of.

35.     It is Plaintiff's belief he was terminated so as to allow his employer to hire someone younger at a lower pay rate.  His opinions and experience were no longer wanted.  Whether he performed well or not was of no consequence.

## FIRST CAUSE OF ACTION

36.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "35" as if fully set forth herein.

37.     Plaintiff alleges that the foregoing actions by Defendant violate the Prohibitionof Age Discrimination Act, 29 U.S.C. §623 *et seq.*, in that Defendant' actions constitute an unlawful employment practice because of his age discrimination.

38.     By their actions, Defendant treated plaintiff differently from other employees on account of his age and discriminated against him in compensation, benefits, terms, conditions and privileges of employment in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 *et seq.*

39.     Defendant cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can its actions be otherwise justified under 29 U.S.C.

§623 et seq. Any alleged non-discriminatory reason is nothing more than a pretext so that Defendant could attempt to mask their actions.

40.    Defendant's acts of age discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

41.    By reason of Defendant's actions and inactions, whereby Defendant has engaged in unlawful age discriminatory practices based upon plaintiff's age, plaintiff has been severely damaged. Plaintiff has been terminated and has been otherwise greatly injured. In addition, plaintiff has incurred attorney's fees in order to rectify the situation.

42.    By reason of the foregoing, plaintiff has become entitled to appropriate injunctive and monetary relief; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon, and an award of attorney's fees, expert fees, costs and disbursements.

## SECOND CAUSE OF ACTION

43.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "42" as if fully set forth herein.

44.    Plaintiff alleges that the foregoing actions by Defendant violate the Prohibition of Age Discrimination Act, 29 U.S.C. §631 et seq., in that Defendant' actions constitute an unlawful employment practice because of his age discrimination.

45.    By their actions, Defendant treated plaintiff differently from other employees on account of his age and discriminated against him in compensation, benefits, terms, conditions and privileges of employment in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §631 et seq.

46.     Defendant cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can its actions be otherwise justified under 29 U.S.C. §631 et seq. Any alleged non-discriminatory reason is nothing more than a pretext so that Defendant could attempt to mask their actions.

47.     Defendant's acts of age discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

48.     By reason of Defendant's actions and inactions, whereby Defendant has engaged in unlawful age discriminatory practices based upon plaintiff's age, plaintiff has been severely damaged. Plaintiff has been forced to resign and has been otherwise greatly injured. In addition, plaintiff has incurred attorney's fees in order to rectify the situation.

49.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive and monetary relief; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon, and an award of attorney's fees, expert fees, costs and disbursements.


## THIRD CAUSE OF ACTION

50.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "49" as if fully set forth herein.

51.     Plaintiff alleges that the foregoing actions by Defendant violated Article 15 of the New York State Executive Law, specifically §296, in that Defendant's actions constitute an unlawful employment practice because of age discrimination.

52.     By their actions, Defendant treated plaintiff differently from other employees on account of his age and discriminated against him in compensation, benefits, terms, conditions and privileges of employment in violation of the violate Article 15 of the New York State Executive Law, specifically §296.

53.     Defendant cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can its actions be otherwise justified Article 15 of the New York State Executive Law, specifically §296. Any alleged non-discriminatory reason is nothing more than a pretext so that Defendant could attempt to mask their actions.

54.     Defendant's acts of age discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

55.     By reason of Defendant's actions and inactions, whereby Defendant has engaged in unlawful discriminatory practices based upon plaintiff's age, plaintiff has been severely damaged.  In addition, plaintiff has incurred attorney's fees in order to rectify the situation.

56.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive and monetary relief; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon, and an award of attorney's fees, expert fees, costs and disbursements.

## FOURTH CAUSE OF ACTION

57.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "56" as if fully set forth herein.

58.     Plaintiff alleges that the foregoing actions by Defendant violate the New York City Administrative Code §8-107, in that Defendant's actions constitute an unlawful employment practice because of her age discrimination.

59.     By their actions, Defendant treated plaintiff differently from other employees on account of his age and discriminated against him in compensation, benefits, terms, conditions and privileges of employment in violation of the New York City Administrative Code §8-107.

60.     Defendant cannot demonstrate any legitimate non-discriminatory reason for the actions complained of herein; nor can its actions be otherwise justified under New York City Administrative Code §8-107. Any alleged non-discriminatory reason is nothing more than a pretext so that Defendant could attempt to mask their actions.

61.     Defendant's acts of discrimination were intentional and were performed with ill will and reckless indifference to plaintiff's protected rights.

62.     By reason of Defendant's actions and inactions, whereby Defendant have engaged in unlawful discriminatory practices based upon plaintiff's disability and need to be reasonably accommodated, plaintiff has been severely damaged. Plaintiff has been damaged and in addition, plaintiff has incurred attorney's fees in order to rectify the situation.

63.     By reason of the foregoing, plaintiff has become entitled to appropriate injunctive and monetary relief; compensatory and punitive damages in an amount to be determined at trial together with appropriate interest thereon, and an award of attorney's fees, expert fees, costs and disbursements.

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAVID HU respectfully requests that judgment be entered in his favor and against Defendant, UGL SERVICES UNICCO OPERATIONS CO. as follows:

i)      The Court award the appropriate injunctive relief enjoining the Defendant and their agents from continuing to engage in the actions complained of herein;

ii)     On the First Cause of Action, an award of appropriate injunctive and monetary relief, compensatory and punitive damages in an amount to be determined at the trial altogether with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements;

iii)    On the Second Cause of Action, an award of appropriate injunctive and monetary relief, compensatory and punitive damages in an amount to be determined at the trial altogether with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements;

iv)     On the Third Cause of Action, an award of appropriate injunctive and monetary relief, compensatory and punitive damages in an amount to be determined at the trial altogether with appropriate interest thereon; and an award of attorney's fees, expert fees, costs and disbursements;

v)      On the Fourth Cause of Action, an award of appropriate injunctive and monetary relief, compensatory and punitive damages in an amount to be determined at the trial altogether with appropriate interest thereon; and an

award of attorney's fees, expert fees, costs and disbursements;

vi)     Such further and other relief as this Court may deem just and equitable.


Dated:          New York, New York
                April 19, 2013


                                Leonard Zack (LZ-8144)
                                LEONARD ZACK & ASSOCIATES
                                405 Par Avenue, 10th Floor
                                New York, NY 10022
                                (212) 754-4050 tel.

13



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622
General FAX (212) 336-3625

**BY US MAIL**

David Hu
c/o Nancy Warlikowski
Leonard Zack & Associates
405 Park Avenue, Suite 1001
New York, NY 10022

RE:   **David Hu v. UGL Services**
      **EEOC Charge No.  520-2013-00860**

Dear Mr. Hu:

This office is in receipt of your request for a *Notice of Right to Sue* on the above referenced charge.

Ordinarily a charging party or his/her counsel is not entitled to receive a *Notice of Right to Sue* upon request until the charge has been pending with the EEOC for at least 180 days; however, under the ADEA you may sue at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. An early *Notice of Right to Sue* is authorized by 29 C.F.R. § 1601.28(a)(2) if the Director determines that the Commission will not be able to complete its administrative process within 180 days of when the charge was filed.

The Commission has reviewed all of the circumstances of this case and we are issuing you the requested *Notice of Right to Sue.*

Sincerely,

On Behalf of the Commission:

Kevin Berry
*District Director*
*New York District Office*

MAR 2 1 2013
_____
Date

cc:   David Hu
      716 East 7th Street, Apt. 2B
      New York, NY 10009