UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                   :
DAVID HU,                                     :
                            Plaintiff,    :
                                                   :           13 Civ. 4251 (LGS)
                   -against-                  :
                                                   :           <u>OPINION AND ORDER</u>
UGL SERVICES UNICCO OPERATIONS CO.,   :
                                       Defendant.   :
                                                   :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

        Plaintiff David Hu brings this employment action against Defendant UGL Services Unicco Operations Co., alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the New York State Human Rights Law, Executive Law § 290 *et seq.* ("NYSHRL") and the New York City Administrative Code § 8-101 *et seq.* ("NYCHRL"). Defendant has moved for summary judgment on all claims ("Motion"). For the reasons stated below, Defendant's Motion is granted.

**I.       BACKGROUND**

       **A.       Timeline of Events**

        Plaintiff's claims in this action arise out of the termination of his employment with Defendant on September 4, 2012.

        Plaintiff was born in China on October 25, 1953, and moved to the United States in 1984, where he enrolled in a two-year college program and took a number of courses in English. From approximately August 1, 2007, until his discharge on September 4, 2012, Plaintiff was employed by Defendant, a provider of facilities management services, as a heating, ventilation and air conditioning ("HVAC") engineer at the College of Mount Saint Vincent. Until March 2012, Plaintiff reported to Robert Dice. From March 2012 through the end of his employment with

Defendant, Plaintiff reported to Darin Altilio. Both Dice and Altilio reported to Timothy Drury, an account manager responsible for servicing the College.

During his employment with Defendant, Plaintiff received a series of warnings from both of his supervisors about his work performance. The warnings were documented in the form of "Progressive Discipline Notices." In total, Plaintiff received five warnings from Dice, as follows. On February 10, 2011, Plaintiff received a verbal warning regarding his failure to follow verbal directions and safety procedures. On February 25, 2011, Plaintiff received a written warning regarding his improper operation of a vehicle and failure to report an accident. On May 3, 2011, Plaintiff received a verbal warning for failure to report an injury in a timely manner. On January 5, 2012, Plaintiff received a verbal warning for "jumping out" a flow switch in one of the College's boilers without removing the jumper. On March 3, 2012, Plaintiff received a verbal warning for pulling a motor off the back of a van and creating unsafe conditions. Plaintiff does not dispute that he received these warnings from Dice, but contends that they did not relate to Plaintiff's abilities as an engineer.

Plaintiff similarly received from Altilio numerous warnings and a suspension, but denies having committed some of the infractions for which the warnings were given. On May 16, 2012, Plaintiff received a verbal warning for tardiness to safety meetings. On May 30, 2012, Plaintiff received a written warning for misreporting that repairs were made and equipment was operational. On June 13, 2012, Plaintiff received a written warning for "jumping out" a Maryvale chiller. Plaintiff denies having jumped out the chiller. On June 13, 2012, Plaintiff was suspended for two days for failing to follow Altilio's request to install an air conditioning unit and leaving a live outlet uncovered. Plaintiff does not dispute leaving the outlet uncovered but states that he

2

left it uncovered briefly because he could not understand instructions he received over the radio and went to the office to request clarification.

On July 6, 2012, Plaintiff received a "final" written warning for failing to follow Altilio's instructions to report back before replacing a fuse. Altilio testified at his deposition that Plaintiff used an incorrectly sized fuse, causing damage to the unit and requiring Altilio to call an outside vendor to repair it. Plaintiff concedes that he used the wrong fuse, but asserts that he did so because it was an emergency. Plaintiff also contests Altilio's allegation that the unit was damaged because of the repair. Plaintiff unsuccessfully challenged the July 6 warning through his union. At the grievance meeting, Plaintiff was asked if he wished to have an interpreter present, and declined the offer.

In addition to the above warnings, Defendant adduces evidence of two further performance-related issues, both disputed by Plaintiff. First, in August 2012, according to attendance records kept by Defendant, Plaintiff was late for ten out of eighteen safety meetings. Plaintiff disputes the accuracy of the attendance records. At his deposition, Plaintiff stated that he was late to safety meetings between one and three times. Second, during the summer of 2012, Plaintiff failed on three occasions to fill out and submit to his supervisor "A/C log sheets," recording that each air-conditioning unit had been checked for the day and was functional. Plaintiff denies this allegation.

On September 4, 2012, Plaintiff was discharged. At the time of his discharge, Plaintiff was compensated at a rate of $33.50 per hour. The decision to terminate Plaintiff's employment was made by William Macco, Defendant's Director of Labor Relations, in consultation with Drury and Altilio. Plaintiff was notified that he was being laid off by a letter dated September 4, 2012, which stated that Plaintiff's discharge was due to tardiness, failure to submit daily work

assignment forms, poor work performance, failure to follow supervisors' directives, and safety violations. Around the same time, another individual of similar age, Carlos Bautista, was also laid off.

On or around September 20, 2012, Plaintiff grieved his discharge without success. On March 14, 2013, Plaintiff's union arbitrated his discharge. Plaintiff was represented by counsel at the arbitration but expressly declined the use of an interpreter. On March 25, 2013, a sole arbitrator issued an award, finding that Defendant had just cause to terminate Plaintiff.

After Plaintiff and Bautista were discharged, they were replaced by two HVAC technicians, Michael Yang and Laurence Capelli. Yang was hired one day after Plaintiff was laid off. Yang is now 42 years old and was hired at a rate of $15 per hour. Capelli was hired approximately seven months after Plaintiff's discharge. Capelli is now 58 years old and was hired at a rate of $29 per hour.

### B. Plaintiff's Deposition

At his deposition, Plaintiff testified that he believed he was being set up and that Drury and Altilio did not like him. When asked if either individual had ever made comments about his age, Plaintiff replied that they had not. When asked whether any other employees working for Defendant had made comments about his age, Plaintiff did not provide a responsive answer.

When asked why he was discharged, Plaintiff responded "[t]hey fired me because they first discriminated against me." After being asked for clarification, Plaintiff stated "[w]ell, maybe they just don't like me. They discriminated against me." When asked who discriminated against him, Plaintiff testified "[w]ell, simple logic is that whoever dismissed me is the one who discriminated against me." Plaintiff went on to name Altilio and Drury as the individuals responsible for his discharge.

Plaintiff was also asked whether he was fired because he was highly paid. He responded that this was also one of the reasons for his discharge. When asked whether younger people were treated more favorably, Plaintiff replied that younger people were not treated better than he was, but that their salaries were "cheaper." He clarified that he believed that people who earned less money than he did were not fired because they had lower salaries.

At his deposition, Plaintiff also testified that he was "a good worker." He affirmed this statement in a declaration submitted with his motion papers. Dice submitted a declaration with similar statements.

## II.  STANDARD

Summary judgment is appropriate where the record establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of informing the court of the basis for the summary judgment motion and identifying those portions of the record that demonstrate the absence of a genuine dispute as to any material fact. Fed. R. Civ. P. 56(c); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). A court must construe the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-moving party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 87 (2d Cir. 2008).

If the non-moving party has the burden of proof on a specific issue, the moving party may satisfy its own initial burden by demonstrating the absence of evidence in support of an essential element of the non-moving party's claim. *See, e.g.*, *Celotex*, 477 U.S. at 322-23; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002). In other words, summary judgment is

warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

If the moving party carries its initial burden, then the non-moving party bears the burden of demonstrating a genuine issue of material fact. *See, e.g.*, *id.*; *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Santos v. Murdock*, 243 F.3d 681, 683 (2d Cir. 2001). "A court cannot credit [the non-moving party's] merely speculative or conclusory assertions." *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012); *see also Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) ("conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment.").

## III.    DISCUSSION

### A.    Discrimination in Violation of the ADEA and the NYSHRL

Defendant moves for summary judgment on Plaintiff's claims under the ADEA and the NYSHRL. Because Plaintiff cannot demonstrate a triable issue of fact as to whether Defendant's legitimate nondiscriminatory reasons for discharging Plaintiff were pretextual, summary judgment is granted on these claims.

The ADEA provides in relevant part that "[i]t shall be unlawful for an employer to . . . discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The NYSHRL contains a similar provision. *See* N.Y. Exec. Law § 296(a) (McKinney 2010). In the Second Circuit, claims for age discrimination in violation of the ADEA and the NYSHRL are assessed under the *McDonnell Douglas* burden-shifting framework, as modified by the Supreme Court in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167,

180 (2009).  *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973)).  Under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case of discrimination.  411 U.S. at 802.  If the plaintiff demonstrates a prima facie case of discrimination, the burden shifts to the defendant to articulate "some legitimate, nondiscriminatory reason" for the adverse employment action.  *Id.*  Once such a reason is provided, the plaintiff must show, by a preponderance of the evidence, that age was the "'but-for' cause of the challenged adverse employment action and not just a contributing or motivating factor."  *Gorzynski*, 596 F.3d at 106 (quoting *Gross*, 557 U.S. at 180) (internal quotation marks omitted).[1]

### 1. Plaintiff's Prima Facie Case

Plaintiff has established a prima facie case of discrimination.  To establish a prima facie case, a plaintiff must show "(1) that [he] was within the protected age group, (2) that [he] was qualified for the position, (3) that [he] experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination."  *Gorzynski*, 596 F.3d at 107.  The parties dispute only whether Plaintiff has identified evidence giving rise to an inference of discrimination under the fourth element of the prima facie test.

Plaintiff proffers two arguments in support of an inference of discrimination.  First, he identifies evidence that one of the two employees who replaced him was eighteen years his junior.  A plaintiff's replacement by a "significantly younger person" is sufficient to establish an inference of age discrimination.  *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308,

---

[1] Until the Supreme Court's decision in *Gross*, in which it held that "the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act," 557 U.S. at 176, a plaintiff was required to establish only that age was a "motivating factor" in an adverse employment action.  *See, e.g., Holtz v. Rockefeller & Co.*, 258 F.3d 62, 78 (2d Cir. 2001) (quoting *Renz v. Grey Adver. Inc.*, 135 F.3d 217, 222 (2d Cir. 1997)).

7

313 (1996); *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 135 (2d Cir. 2000). Accordingly, Plaintiff has made a sufficient showing to satisfy his prima facie burden.

Defendant disagrees, arguing that because Plaintiff was replaced by two employees, one of whom was approximately the same age as Plaintiff, there can be no inference of discrimination. While an inference of discrimination may be weakened under these circumstances, it is not rebutted. *See D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 195 (2d Cir. 2007) (holding that the claim that one of the individuals who was offered a position in place of plaintiff was eight years younger than plaintiff is "significant enough to support an inference" of age discrimination). Defendant also contends that Plaintiff's replacement by a younger employee does not establish a prima facie case because the individuals responsible for firing Plaintiff, Macco and Drury, did not know Plaintiff's age. The rule applied by the Second Circuit, however, is that "where a plaintiff relies on a substantial age discrepancy between [him]self and [his] replacement, [he] must adduce some evidence indicating defendants' knowledge as to that *discrepancy*." *Woodman v. WWOR–TV, Inc.*, 411 F.3d 69, 82-83 (2d Cir. 2005) (emphasis added). The statements by Macco and Drury that they did not know Plaintiff's age do not address whether they knew there was a substantial age difference between Plaintiff and his replacement. Accordingly, Defendant's evidence on this point does not defeat Plaintiff's prima facie case.

Plaintiff's second argument does not support an inference of discrimination. He asserts that employees over the age of 40 ceased their employment with Defendant at a disproportionate rate, giving rise to an inference of discrimination. In support of this argument, Plaintiff points out that from September 2012 through September 2013, Defendant employed 50 people over the age of 40 and 24 people under the age of 40. After September 2013, Defendant employed 34 people over the age of 40 and 17 people under the age of 40. According to Plaintiff, "[t]he number of

employees who are over the age of 40 whose employment ended after September 2013 is nearly three times the number of employees who are under the age of 40 whose employment ended." This argument fails to consider that the number of employees over the age of 40 was substantially higher than the number of employees under the age of 40 to begin with.  Viewed in proportion, approximately 32% of employees over age 40 ceased their employment with Defendant after September 2013, compared to approximately 29% of employees under age 40 who ceased employment during the same period.  This small difference does not support an inference of discrimination.

### 2. Legitimate, Nondiscriminatory Reason

Because Plaintiff's showing that he was replaced by a significantly younger employee is sufficient to establish a prima facie case of age discrimination, the burden shifts to Defendant to articulate a "legitimate, nondiscriminatory reason" for discharging Plaintiff.  Defendant has met that burden.

Defendant maintains that Plaintiff was fired because of his substandard performance.  While Plaintiff disputes certain of the infractions alleged by Defendant to be the basis of his discharge, the substantial number of undisputed, documented occasions on which Plaintiff failed to adhere to Defendant's policies and procedures provides a sufficient showing of a legitimate, nondiscriminatory reason for discharging Plaintiff.  The undisputed facts establish that Plaintiff received the following performance related admonitions: (1) counseling from his supervisor in early February 2011 for failure to follow verbal directions and safety procedures; (2) a written warning regarding his improper operation of a vehicle and failure to report an accident to his supervisor in late February 2011; (3) a verbal warning from his supervisor in May 2011 for failure to report an injury in a timely manner; (4) a verbal warning from his supervisor in January

2012 for "jumping out" a flow switch in one of the College's boilers without removing the jumper; (5) a verbal warning in March 2012 for pulling a motor of the back of a van and creating unsafe conditions; (6) a verbal warning in May 2012 for tardiness to safety meetings; (7) a written warning in late May 2012 for misreporting that repairs were made and equipment was operational; (8) a written warning in June 2012 for "jumping out" a Maryvale chiller; (9) a two-day suspension in June 2012 for leaving a live outlet uncovered; and (10) a written warning in July 2012 for placing an incorrectly-sized fuse into a fuse box.  These multiple undisputed instances of deficient work performance more than sufficiently establish that Defendant had a legitimate and nondiscriminatory reason for discharging Plaintiff.

### 3. Pretext

Because Defendant has satisfied its burden, the burden shifts back to Plaintiff to show that Defendant's legitimate nondiscriminatory explanation for Plaintiff's termination was pretextual, and that Plaintiff's age was the "but-for" cause of his termination.

Plaintiff fails to satisfy this burden.  He points to no evidence that any supervisor or colleague ever made any comments relating to his age or took any action that was conceivably motivated by age discrimination.  At his deposition, he articulated no reason for his belief that he was discriminated against due to his age, stating only that his supervisors "maybe . . . just don't like [him]" and repeating his conclusory assertion that "they discriminated against [him]."  However, "[t]he plaintiff's belief that [he] has been the victim of age discrimination cannot defeat a motion for summary judgment in the absence of any corroborating evidence."  *Colon v. Trump International Hotel & Tower and Laura Cunningham*, No. 10 Civ. 4794, 2011 WL 6092299, at *8 (S.D.N.Y. Dec. 7, 2011) (holding that plaintiff's inability to produce evidence of discrimination beyond her own conclusory assertions was insufficient to overcome defendant's

showing that she was terminated for "multiple egregious performance deficiencies"); *see also, e.g., Mattera v. JPMorgan Chase Corp.*, 740 F. Supp. 2d 561, 566 (S.D.N.Y. 2010) (holding that plaintiff failed to establish pretext where he presented no evidence that colleagues or supervisors "ever engage[d] in any sort of conduct regarding the fact that plaintiff was an older person" and instead relied on a "generalized claim of disparate treatment, the fact that his replacement was younger, his inability to see any reason other than age for his termination, and his belief, supported by no evidence documentary or otherwise, that [the defendant] wanted a 'younger-looking' bank.").

In contending otherwise, Plaintiff makes four principal arguments.  First, Plaintiff points to an affidavit from Dice stating that Plaintiff was a good worker.  Dice was Plaintiff's *former* supervisor, however, and "[d]emonstration of past positive performance is insufficient to raise a genuine issue of disputed fact with respect to pretext." *Iverson v. Verizon Communications*, No. 08 Civ. 8873, 2009 WL 3334796, at *5 (S.D.N.Y. Oct. 13, 2009) (internal quotation marks omitted) (holding that letter and notes of commendation demonstrating praise were not sufficient to contradict documented record of poor performance and establish pretext).  Dice's statement that Plaintiff was a good worker is in any event undermined by the fact that Dice issued five warnings to Plaintiff for misconduct.

Second, Plaintiff adduces evidence in the form of his own affidavit, which contains a conclusory assertion that the complaints about his work performance were "nothing more than a pretext to terminate [him] due to [his] age."  However, "[a] plaintiff's subjective disagreement with his reviews is not a viable basis for a discrimination claim." *Valentine v. Standard & Poor's*, 50 F. Supp. 2d 262, 284 (S.D.N.Y. 1999); *accord Mattera*, 740 F. Supp. 2d at 576

(same).  Accordingly, Plaintiff's own view of his work performance, without more, is insufficient to demonstrate pretext.

Third, Plaintiff again draws attention to the fact that one of the two workers who replaced him was substantially younger than Plaintiff.  While this fact is sufficient to make out Plaintiff's prima facie case, it is not on its own enough to establish pretext and thereby overcome Defendant's motion for summary judgment.  *See, e.g., Brennan v. Metro. Opera Ass'n, Inc.,* 192 F.3d 310, 317 (2d Cir. 1999) (holding that plaintiff may "well have met her *de minimis* burden of establishing a prima facie case of age discrimination," by demonstrating her replacement was 14 years younger, but "even if appellant succeeded at the prima facie case stage summary judgment was still properly granted."); *Mattera*, 740 F. Supp. 2d at 577 (same); *Colon*, 2011 WL 6092299, at *9 (same).

Fourth, Plaintiff asserts that the fact that a greater number of older employees stopped working with Defendant around September 2013 establishes pretext.  As addressed above, this argument fails because there was no significant difference between the percentage of employees over the age of 40 who ceased their employment with Defendant and those under the age of 40.

Further, even assuming that Plaintiff could establish pretext, he cannot demonstrate that discrimination was the "but-for" cause of his discharge.  At his deposition, Plaintiff conjectured that there were multiple reasons for his discharge, including that he was highly paid and younger workers were "cheaper".  This admission undermines any claim that Plaintiff's age was the "but-for" cause of his discharge.  *See Benyard v. White Plains Hosp. Med. Ctr.*, No. 12–cv–1810, 2013 WL 6003733, at *4 (S.D.N.Y. Nov. 12, 2013) ("As mixed-motive discrimination claims are not actionable under the ADEA, any alleged consideration of Plaintiff's tenure or salary is

insufficient to raise a triable issue of fact concerning whether Defendants' asserted reasons for Plaintiff's termination were a pretext for age discrimination.").

Because Defendant has articulated a legitimate non-discriminatory reason for Plaintiff's discharge and Plaintiff has failed to adduce any evidence that Defendant's reason was pretextual, no reasonable jury could find Plaintiff's age to be the "but-for" cause of Plaintiff's termination. Summary judgment on Plaintiff's ADEA and NYSHRL claims is accordingly granted.

### B.     Discrimination in Violation of the NYCHRL

Defendant also moves for summary judgment on Plaintiff's claim for age discrimination in violation of the NYCHRL.  Summary judgment is granted on this claim as well because a reasonable jury could not conclude that Plaintiff was discharged, even in part, for discriminatory reasons.

The NYCHRL establishes that it is an unlawful discriminatory practice for an employer "because of the actual or perceived age . . . of any person, . . . to discriminate against such person in compensation or in terms, conditions, or privileges of employment."  N.Y.C. Admin. Code § 8–107(1)(a).  As amended, the NYCHRL provides that it "shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed."  N.Y.C. Admin. Code. § 8–130.

Claims under the NYCHRL are analyzed "separately and independently from any federal and state law claims."  *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013).  The NYCHRL is construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible."  *Id.* (internal quotation marks omitted).

The Second Circuit has clarified that

> [T]he NYCHRL simplified the discrimination inquiry: the plaintiff need only show that [his] employer treated [him] less well, at least in part for a discriminatory reason. The employer may present evidence of its legitimate, non-discriminatory motives to show the conduct was not caused by discrimination, but it is entitled to summary judgment on this basis only if the record establishes as a matter of law that "discrimination play[ed] no role" in its actions.

*Id.* at 110 n.8 (quoting *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 78, 872 N.Y.S.2d 27, 40 n.27 (N.Y. App. Div. 2009)).

Plaintiff also fails to satisfy the more lenient standard of the NYCHRL because he has not shown that Defendant treated him "less well, at least in part for a discriminatory reason." *Id.* The only evidence Plaintiff has pointed to that conceivably indicates discrimination is that Defendant hired an individual who was eighteen years younger than Plaintiff. While this fact is sufficient to establish a rebuttable inference for purposes of *McDonnell Douglas*, drawing all inferences in favor of Plaintiff, a reasonable jury could not conclude that this fact in and of itself establishes that Defendant did in fact treat him less well than other employees or that Defendant did so for a discriminatory reason. *See Mingguo Cho v. City of New York*, 549 F. App'x. 15, 18 (2d Cir. 2013) (affirming grant of summary judgment in defendant's favor on age discrimination claim under the NYCHRL where the plaintiff argued that the hiring of "younger candidates who obtained lower scores on the civil service examination" gave rise to an inference of discrimination); *Mathew v. North Shore – Long Island Jewish Health Sys, Inc.*, No. 11-CV-6022, 2013 WL 5799883, at *11 (E.D.N.Y. Oct. 23, 2013) (granting summary judgment in defendant's favor on NYCHRL claim where evidence of alleged discrimination consisted of plaintiff's claim that defendant hired a lower paid replacement fifteen years younger than plaintiff).

Accordingly, summary judgment is granted on Plaintiff's claim under the NYCHRL.

## IV.     CONCLUSION

For the reasons stated above, Defendant's Motion is GRANTED as to all claims.  The Clerk of Court is directed to close the Motion at Docket No. 36 and to close the case.


Dated: October 9, 2014
       New York, New York

 
                                                          _____
                                                                   **LORNA G. SCHOFIELD**
                                                              **UNITED STATES DISTRICT JUDGE**